IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD HALE MCELROY, | ) | CIVIL 17-00009 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| LOGAN MCBARNET; ET AL., | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FILED OCTOBER 13, 2017**

On October 13, 2017, Plaintiff Ronald Hale McElroy ("Plaintiff") filed his Motion to Dismiss Second Amended Complaint Filed October 13, 2017 ("Motion"). [Dkt. no. 159.] Defendants Logan Mcbarnet, Terry T. Mcbarnet, as Trustee under That Certain Unrecorded Revocable Trust of Terry T. Mcbarnet Dated November 7, 2008, J. Mikael Brommels, Trustee of the J. Mikael Brommels Living Trust Dated April 22, 2010, Gary Heller, George Hlavenka, Catherine Hlavenka, Jesse Jacob Brown, Kim Martin Brown, Ioan Martin, Jerzy Marie Kokurewicz, Amita Holcomb Schmidt, Leo Francis Arensberg, Betty Jane Galase Arensberg, Charles F. Krimm, Tamara M. Krimm, Thomas G. Rusnak, Shannon T. Rusnak, and Ilana Kananipiliokalani D`enbeau Waxman (collectively, "Motion Defendants") filed their memorandum in opposition on December 29, 2017, and Plaintiff filed his reply on January 5, 2018. [Dkt. nos. 165, 168.] Defendants County of Maui and Alexander & Baldwin, LLC filed statements of no position

on, respectively, December 28 and 29, 2017. [Dkt. nos. 164, 166.] This matter came on for hearing on January 22, 2018. Plaintiff's Motion is hereby granted in part and denied in part for the reasons set forth below.

## BACKGROUND

Plaintiff originally filed his Complaint on January 10, 2017, and filed his First Amended Complaint on February 1, 2017. [Dkt. nos. 1, 16.] Plaintiff sought declaratory and injunctive relief relating to a land dispute. On August 21, 2017, Plaintiff's First Amended Complaint was dismissed in its entirety. [Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Dkt 16] Filed February 1, 2017 ("8/21/17 Order"), dkt. no. 154.[1]] The background of this matter is fully set forth in the 8/21/17 Order. In pertinent part, the 8/21/17 Order stated:

> Plaintiff has named Maui County as a party to this suit, but not the State of Hawai`i or the relevant state agency. At the hearing on the Motion, Maui County represented that it does not have responsibility for the road at issue in the instant matter – that it is not a county road. In short, it is possible that Plaintiff has not sued the proper party in this matter, and has therefore not stated a claim upon which relief can be granted.

2017 WL 8316933, at *5 (citing Fed. R. Civ. P. 12(b)(6)).

---

[1] The 8/21/17 Order is available at 2017 WL 8316933.

Plaintiff then filed a motion for clarification of the 8/21/17 Order. [Motion for Clarification of the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF 16] Filed February 1, 2017 ("Clarification Motion"), filed 9/19/17 (dkt. no. 155).] The Clarification Motion sought a ruling that the 8/21/17 Order "will not prejudice McElroy's right to file a Complaint in the Second Circuit Court; [and] that dismissals of claims in the Amended Complaint with prejudice shall have no res judicata or collateral estoppel effect on McElroy's claims in the Second Circuit Court." [Id. at 8.] This Court denied Plaintiff's Clarification Motion on September 29, 2017 ("9/29/17 Order"). [Order Denying Plaintiff's Motion for Clarification, dkt. no. 157.] The 9/29/17 Order stated the Clarification Motion was "puzzling" and sought an improper "advisory ruling [because] this Court cannot predict in a vacuum what may happen in the state court case which Plaintiff apparently intends to file." [Id. at 4.]

On October 13, 2017, Plaintiff filed his Second Amended Complaint. [Dkt. no. 158.] On the same day, Plaintiff filed the instant Motion seeking voluntary dismissal of the Second Amended Complaint under Fed. R. Civ. P. 41(a)(2). The parties agree voluntary dismissal is appropriate. The parties disagree as to whether conditions should be imposed on granting voluntary

dismissal.  Motion Defendants argue voluntary dismissal should be conditioned on Plaintiff's reimbursement of their attorneys' fees relating to the Rule 26(f) conference; the scheduling conference; legal research relating to diversity jurisdiction; the motion to dismiss the First Amended Complaint; the Clarification Motion; and the instant Motion.

### **STANDARD**

This district court has stated:

> District courts have broad discretion to impose an award of attorneys' fees as a condition for dismissing an action without prejudice.  See Fed. R. Civ. P. 41(a)(2) (providing that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"); see also Smith v. Lenches, 263 F.3d 972, 978 (9th Cir. 2001) (reviewing district court's decision regarding an award of attorneys' fees and costs relating to federal law suit voluntarily dismissed for abuse of discretion); Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (remanding for determination whether fees and costs should be imposed as a condition of dismissal without prejudice, and noting that pursuant to Rule 41(a)(2) the court may impose "any terms and conditions [it] deems proper" when granting voluntary dismissal).

Legacy Mortg., Inc. v. Title Guar. Escrow Servs., Inc., Civ. No. 11-00767 JMS-KSC, 2013 WL 1991563, at *2 (D. Hawai`i May 10, 2013).

4

**DISCUSSION**

I. **Recoverable Tasks**

Rule 41(a)(2) allows a plaintiff to obtain a dismissal "by court order, on terms that the court considers proper." A plaintiff may also obtain a voluntary dismissal "without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(1)(ii). At the January 22, 2018, hearing, Motion Defendants represented through counsel that they would have agreed to a stipulation for dismissal without prejudice, if asked. Plaintiff represented through counsel that he did not seek agreement of the parties for a stipulation of dismissal because he believed filing the Second Amended Complaint was necessary.

Filing the Second Amended Complaint was not necessary. Neither was it necessary for Plaintiff to file the Clarification Motion nor the instant Motion. Motion Defendants would not have incurred attorneys' fees related to Plaintiff's unnecessary filings if Plaintiff had instead sought a stipulation of dismissal. Therefore, an appropriate condition of granting voluntary dismissal pursuant to the instant Motion is Plaintiff's payment of the reasonable attorneys' fees Motion Defendants incurred related to the Clarification Motion and to the instant Motion.

Plaintiff contends attorneys' fees may not be awarded for work performed after a plaintiff files a motion to dismiss. Not so. The Ninth Circuit "encourages the use of discretion in determining whether an award of fees should include work that may not have been necessary." Legacy Mortgag., 2013 WL 1991563, at *2 (citing Westlands, 100 F.3d at 98). Under the circumstances of this case, an award is appropriate for Motion Defendants' fees incurred after the filing of Plaintiff's motion to dismiss because those fees were incurred "responding to Plaintiff's motions and not in connection with any later-filed dispositive motion of [their] own." See id.; see also Westlands, 100 F.3 at 98 (fee award not appropriate where, after motion for voluntary dismissal was filed, defendants filed a motion for summary judgment (citing Conafay v. Wyeth Labs., 841 F.2d 417, 420 (D.C. Cir. 1988)).

The Court declines to award any fees apart from those incurred relating to the instant Motion or the Clarification Motion. In the course of the federal litigation, Motion Defendants have "have gained detailed insight and knowledge of precise legal and factual issues that may arise in the future — work product that can certainly be useful" in the state court litigation. See Akina v. Hawaii, Civ. No. 15-00322 JMS-RLP, 2016 WL 7031285, at *3 (D. Hawai`i Nov. 30, 2016) (citing Westlands, 100 F.3d at 97 ("[D]efendants should only be awarded attorney

6

fees [under Rule 41] for work which cannot be used in any future litigation of these claims.") (citations omitted); Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993) ("Only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal.")). Therefore, appropriate conditions of voluntary dismissal in this case do not include reimbursement of Motion Defendants' attorneys' fees relating to the Rule 26(f) conference, scheduling conference, motion to dismiss First Amended Complaint, and legal research.

## II. **Determination of Attorneys' Fees Award**

This district court has stated:

> Under federal law, reasonable attorneys' fees are generally based on the traditional lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In determining the reasonable hourly rate, some of the relevant factors to consider include the level of skill required, time limitations, the amount involved in the litigation, the attorney's reputation and experience, the quality of the representation, the attorney's success or failure in the outcome, and the undesirability of the case. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1213 (9th Cir. 1986).
>
> . . . [I]t is well-established that a reasonable hourly rate should reflect the "prevailing market rates in the relevant community," Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013), which generally "is the forum in which the district court sits." Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010). "Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests

7

meet these standards." Gonzalez, 729 F.3d at 1206 (citing Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005)); see also S.E.C. v. Gemstar-TV Guide Int'l, Inc., 401 F.3d 1031, 1056 n.8 (9th Cir. 2005) ("[I]t is "the fee applicant [that] has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.") (quoting Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987)).

Pelayo v. Platinum Limousine Servs., Inc., CIVIL NO. 15-00023 DKW-KJM, 2016 WL 5402185, at *3 (D. Hawai`i Sept. 27, 2016) (some alterations in Pelayo).

Attorneys Jade Lynne Ching and Kanoelani S. Kane worked on the instant Motion and the Clarification Motion. Ms. Ching is a partner with twenty five years experience and Ms. Kane is an associate admitted to practice law for fourteen years, with extensive experience clerking in federal and Hawai`i courts.[2]

---

[2] Ms. Ching's and Ms. Kane's experience and requested hourly rates are described as follows:

> Jade Lynne Ching (JLC). Ms. Ching has been admitted to practice before all courts of the State of Hawai`i since 1992, and has over 25 years of commercial and real estate litigation experience in the State of Hawai`i. Ms. Ching billed time on this matter at $300.00 per hour, which is within the range of reason for attorneys with similar experience in this community. Ms. Ching is currently the lead attorney on this case.
>
> Kanoelani S. Kane (KSK). Ms. Kane has been admitted to practice before all courts in the State of Hawai`i since 2003. Prior to joining

(continued...)

[Mem. in Opp., Decl. of Jade Lynne Ching ("Ching Decl.") at ¶ 10.]  The Court finds Ms. Kane's requested hourly rate of $200 is reasonable and consistent with prevailing market rates.  See Pelayo, 2016 WL 5402185, at *5 & n.5 (increasing hourly rate from $200 to $225 for an attorney with eleven experience practicing law; approving increase, in part, "to avoid stagnation of rates over time").  The Court finds Ms. Ching's requested hourly rate of $300 is reasonable and consistent with prevailing market rates.  See id. (approving rate of $310 for attorney with twenty seven years experience practicing law); see also Pascual v. Aurora Loan Services, LLC, Civil No. 10-00759 JMS-KSC, 2012 WL 5881972, at *11 (D. Hawai`i Oct. 31, 2012) (finding, six years ago, that $275 is a reasonable hourly rate for Ms. Ching), report

---

²(...continued)
    Nakashima Ching as an associate attorney, Ms. Kane had extensive experience serving as a law clerk to various judges in the state and federal courts as follows:  two years with Chief Justice Ronald T.Y. Moon at the Hawai`i Supreme Court, two years with District Judge Susan Oki Mollway at the United States District Court for the District of Hawai`i, one year with Judge Richard R. Clifton at the Ninth Circuit Court of Appeals, and eight and one-half years with Magistrate Judge Barry M. Kurren at the United States District Court for the District of Hawai`i.  At Nakashima Ching, Ms. Kane practices in the areas of commercial and real estate litigation.  Her hourly rate of $200.00 in this matter is within the range of reason for attorneys with similar experience in this community.

[Ching Decl. at ¶ 10.]

and recommendation adopted, 2012 WL 5881858, at *1 (D. Hawai`i Nov. 21, 2012).

"[D]istrict courts 'should exclude from [their] initial fee calculation hours that were not reasonably expended.'" Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 1939-40 (1983) (citations omitted)). Motion Defendants submitted detailed billing information, which shows the following hours worked on the Clarification Motion and the instant Motion, including the review of the Second Amended Complaint.[3] [Ching Decl., Exh. 2 at 5.]

| **Attorney** | **Motion for Clarification** | **Motion to Dismiss Second Amended Complaint** | **Total Hours** |
|---|---|---|---|
| Jade Lynne Ching | 0.3 | 0.1 | 0.4 |
| Kanoelani S. Kane | 0.6 | 5.3 | 5.9 |
| | | **TOTAL HOURS** | 6.3 |

The Court finds these hours were reasonably expended. The total recoverable hours for Ms. Ching are 0.4 hours, and for Ms. Kane, 5.9 hours.

Under the lodestar method, reasonable attorneys' fees are determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."

---

[3] Exhibit 2 does not comply with Local Rule 54.3. This Court emphasizes it does not condone failure to follow the applicable rules. Under the circumstances of this case, however, the detailed billing information contained in Exhibit 2 is sufficient to determine the fee award for the instant Order.

Hensley, 461 U.S. at 433.  Based on the foregoing, voluntary dismissal is conditioned on the following fee award:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Jade Lynne Ching | 0.4 | $300.00 | $120.00 |
| Kanoelani S. Kane | 5.9 | $200.00 | $1,180.00 |
|  |  | Subtotal | $1,300.00 |
|  |  | GET (4.712%) | $61.26 |
|  |  | **TOTAL** | **$1,361.26** |

"The Supreme Court has repeatedly emphasized that the lodestar fee should be presumed reasonable unless some exceptional circumstance justifies deviation."  Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988) (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 107 S. Ct. 3078, 3088, 97 L. Ed. 2d 585 (1987).  This case presents no exceptional circumstances justifying deviation from the lodestar fee of $1,361.26.[4]

---

[4] The Ninth Circuit "requires that courts reach attorneys' fee decisions by considering some or all of twelve relevant criteria set forth in Kerr v. Screen Extras Guild, Inc., 526 F. 2d 67 (9th Cir. 1975)."  Quesada, 850 F.2d at 539.

> The Kerr factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the
> (continued...)

**CONCLUSION**

On the basis of the foregoing, Plaintiff Ronald Hale McElroy's Motion to Dismiss Second Amended Complaint Filed October 13, 2017 is HEREBY GRANTED IN PART AND DENIED IN PART. Plaintiff's Motion is GRANTED insofar as the Court CONCLUDES dismissal without prejudice pursuant to Rule 41(a)(2) is appropriate.  Plaintiff's Motion is DENIED insofar as dismissal pursuant to Rule 41(a)(2) is CONDITIONED on Plaintiff's payment of Motion Defendants' reasonable attorneys' fees of $1,361.26 by **May 30, 2018**.

Because the Court's approval of Plaintiff's request for dismissal is conditional, Plaintiff must be given the opportunity to consider whether he wishes to accede to the conditions. Plaintiff is DIRECTED to file a notice by **May 3, 2018**, stating whether he agrees to pay Motion Defendants, through their counsel, $1,361.26 by **May 30, 2018**.  If Plaintiff does not timely file such a notice, the Court will dismiss the action with prejudice.

---

⁴(...continued)
    client; and (12) awards in similar cases.

Id. at 539.  The first five Kerr factors have been "subsumed in the initial lodestar calculation." Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996).  A district court may "adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation."  Id. at 363.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 5, 2018.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD HALE MCELROY VS. LOGAN MCBARNET, ET AL; CIVIL 17-00009 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FILED OCTOBER 13, 2017**